STARKWEATHER *v.* FOX.

1. SCHOOLS AND SCHOOL DISTRICTS — PRIMARY SCHOOL DISTRICTS —AUTHORITY TO RENT EXTRA BUILDING FOR SCHOOL PURPOSES.
   Under 2 Comp. Laws 1915, § 5667, the qualified voters of a primary school district, rather than the officers of the district, have authority to rent an extra building for school purposes.[1]

2. SAME—GRADED SCHOOL DISTRICTS.
   Where no proceeding has ever been taken to make a school district a graded one as provided by 2 Comp. Laws 1915, § 5734 *et seq.*, it is a primary school district.[2]

3. SAME — PRIMARY SCHOOL DISTRICT MAY ESTABLISH ELEVENTH GRADE.
   There is nothing in the statute relative to primary schools which prohibits the teaching of 11th grade subjects in a primary school, although the students therein may not be entitled to credits that a regularly and legally established graded school would assure them.[3]

4. SAME—WITHIN DISCRETION OF BOARD TO HIRE EXTRA TEACHER.
   Primary school board has the right to hire an extra teacher on establishing an 11th grade, and to pay her, and in the absence of a showing of abuse of discretion, said action will not be interfered with by the courts.[4]

Appeal from Isabella; Hart (Ray), J.  Submitted April 20, 1926.  (Docket No. 126.)  Decided July 22, 1926.

Bill by W. G. Starkweather and another against D. A. Fox, director, and others, officers of school district No. 7, Fremont township, Isabella county, for an injunction.  From a decree for plaintiffs, defendants appeal.  Modified and affirmed

*Virgil W. McClintic,* for plaintiffs.

*F. H. Dusenbury,* for defendants.

[1]Schools and School Districts, 35 Cyc. p. 940; [2]Id., 35 Cyc. p. 849; [3]Id., 35 Cyc. p. 1125; [4]Id., 35 Cyc. p. 1077.

SNOW, J.   Defendants appeal from a decree in chancery, whereby they, as officers of school district No. 7, Fremont township, Isabella county, are restrained from operating an 11th grade in such district, and from performing certain other acts in connection with such operation.   In 1894 certain 9th and 10th grade classes were established in this school, and in 1908 a second teacher was engaged and the 9th and 10th grades were regularly established.   From thence on until the end of the school year in 1925 these grades and the course of study prescribed for them continued without objection.   The board was then notified by the superintendent of public instruction that the school could not continue with 10 grades and only two teachers, as the class periods could not be made sufficiently long to meet the State requirements as to credits.   At a meeting of the school board, held July 16, 1925, a third teacher was hired, and additional rooms for school purposes were rented.   After this was done, the board figured it could install an 11th grade with no additional expense, and the same was accordingly installed.   The bill of complaint was filed to restrain this action of the board, and the decree appealed from, in addition to restraining the operating of the 11th grade, also restrained the renting of the extra school rooms, declared the hiring of the third teacher, Gertrude Hyde, unlawful, and prohibited the disbursing of any funds to either pay her or to fix up the leased school building.   The trial court in an opinion filed before the entering of the decree stated:

"Inasmuch as the school had been started and the school district at its annual school meeting acquiesced in such method of conducting its school, and at the filing of the briefs has been going for about two months, the teaching of ten grades in such school for this year will not be restrained."

But in the decree no mention is made of the 9th and 10th grades.

1. The trial court was right in restraining the school board from renting an extra building to be used for school purposes. The board is nowhere given such authority. The statute confers it exclusively upon the qualified voters of the district. 2 Comp. Laws 1915, § 5667.

2. The trial court was also right in holding that the district in question was a primary school district. No proceeding had ever been taken to make it a graded school district as provided by 2 Comp. Laws 1915, § 5734 *et seq.*

3. We are, however, constrained to hold that he was wrong in decreeing that the defendants had no authority to establish and operate an 11th grade in a primary school district. While a graded school may not be established or maintained without full compliance with and under the provisions of law, we find nothing in the statute relative to primary schools which prohibits or prevents the teaching of 11th grade subjects in a primary school, although the student may not be entitled to the school credits that a regularly and legally established graded school would assure him.

4. Having the right to establish this grade, the hiring of an extra teacher to teach it, or even to teach the lower grades, is, if not abused, entirely within the discretion of the board, and there is nothing in the instant case which leads us to the belief that such discretion was abused. The board also has authority to pay her.

No other questions need discussion.

The decree will be modified to comply with the foregoing opinion. Appellants will recover costs of both courts.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.